IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

ELVIA MEJIA,                                   Civil Action File No.

       Plaintiff,

v.

WAL-MART STORES EAST, LP;
ABC CORPS 1-3; AND JOHN DOE,

       Defendants.
_____/

## NOTICE OF REMOVAL

COME NOW WAL-MART STORES EAST, LP, named Defendant in the above-captioned matter, by and through its counsel of record, within the time prescribed by law, and files this Notice of Removal, showing the Court as follows:

1.

The above-named Plaintiff filed suit against Defendants WAL-MART STORES EAST, LP in the State Court of Forsyth County, Georgia, which is within the Gainesville Division of this Court. 28 U.S.C.A. § 90 (a)(2). Said lawsuit is styled as above and is numbered as Civil Action File No. 25SC-0816-B. Plaintiff's claims against Defendant includes claims of negligence.

2.

Plaintiff filed the Complaint on or about March 14, 2025. Defendant WAL- MART STORES EAST, LP received service of summons and a copy of the Complaint on March 18, 2025. Defendant WAL-MART STORES EAST, LP files this notice of Removal within thirty (30) days after service of summons and a copy of this Complaint.

3.

Defendant WAL-MART STORES EAST, LP is a Delaware limited partnership, of which WSE Management, LLC is the only general partner, and WSE Investment, LLC is the only limited partner. The sole member of WSE Management, LLC and of WSE Investment, LLC is Wal-Mart Stores East, LLC, and the sole member of Wal-Mart Stores East, LLC is Walmart Inc. Walmart Inc. is a Delaware corporation with its principal place of business in the State of Arkansas, and it was not a citizen of the State of Georgia at the time of or immediately prior to the filing and service of this lawsuit or at any time thereafter. The principal place of business for all entities mentioned in this paragraph is 702 SW 8th Street, Bentonville, AR   72716.

4.

The citizenship of   the fictitious ABC Corps. 1-3 and John Doe Defendants

is disregarded for purposes of determining jurisdiction. 28 U.S.C. § 1441(a).

5.

Elvia Mejia is a citizen of the State of Georgia.

6.

Complete diversity of citizenship exists between Plaintiff and Defendants.

7.

Plaintiff claims injuries to her back and legs; pain and suffering; expenses of medical care, diagnosis and treatment; lost capacity for the enjoyment of life; permanent injury; and other economic damages continuing in nature (See Complaint paragraphs 8, 12) and has made a $1,000,000 settlement demand (Exhibit "A"), thereby meeting the jurisdictional requirement for federal subject matter jurisdiction.  See Lowery v. Alabama Power Co., 483 F.3d 1184, 1262 n.62 (11th Cir. 2007) (quoting 28 U.S.C. § 1446(b));  Addo v. Globe Life & Accident Ins. Co., 230 F.3d 759, 761–62 (5th Cir.2000);  Williams v. Safeco Ins. Co., 74 F.Supp.2d 925, 929 (W.D.Mo.1999); Southern Ins. Co. of Virginia v. Karrer, Civil Action No. 3:10–CV–84 (CAR), 2011 Westlaw 1100030 (M.D.Ga. Mar. 22, 2011); Golden Apple Management Co. v. Geac Computers, Inc., 990 F.Supp. 1364, 1368 (M.D.Ala. 1998); Jackson v. Select Portfolio Servicing, 651 F.Supp.2d 1279, 1281 (S.D.Ala. 2009);

Barlow v. Variety Wholesalers, Civil Action No. 5:14-CV-375 (WLS) (M.D.Ga. Dec. 17, 2014); Devezin v. Wal-Mart Stores East, LP, Civil Action No. 1:134-CV-3721 (CAP) (N.D.Ga February 20, 2015); Peterman v. Wal-Mart Stores, Civil Action No. 1:13-cv-91 (WLS), 2013 Westlaw 5210188 (M.D.Ga. Sept. 13, 2013); Farley v. Variety Wholesalers, Civil Action No. 5:13-CV-52 (CAR), 2013 Westlaw 1748608 (M.D.Ga. April 23, 2013); Streicher v. Sam's East, Inc., Civil Action File No. CV419-01(WTM) (S.D. Ga March 4, 2019).  The amount in controversy, exclusive of interest and costs, exceeds $75,000.

8.

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441, based on complete diversity of citizenship between Plaintiff and Defendants.

9.

Pursuant to the provisions of 28 U.S.C. § 1446, Defendant has attached as Exhibit "B" copies of all the pleadings that were provided to and served upon Defendant, including copies of all pleadings that have been filed to date in the State Court of Forsyth County, Georgia for the above-styled case.

10.

Pursuant to 28 U.S.C. § 1446, Defendant is not required to file a removal

bond.

11.

Written notice of the filing of this Notice of Removal will be given to all parties as required by 28 U.S.C. § 1446.

12.

A true and correct copy of this Notice of Removal will be filed with the Clerk of the State Court of Forsyth County, Georgia, as required by 28 U.S.C. § 1446.

WHEREFORE, Defendant WAL-MART STORES EAST, LP prays that the above-captioned lawsuit be removed to the United States District Court for the Norther District of Georgia, Gainesville Division.

McLAIN & MERRITT, P.C.

/s/ Nicholas E. Deeb
Nicholas E. Deeb
Georgia Bar No. 117025
Attorney for Defendant WMSE

3445 Peachtree Road, N.E., Suite 500
Atlanta GA   30326
(404) 365-4535;ndeeb@mmatllaw.com

The undersigned counsel certifies that the foregoing NOTICE OF REMOVAL has been prepared with one of the fonts and point selections approved by the court in LR 5.1B.

/s/ Nicholas E. Deeb
Nicholas E. Deeb

## CERTIFICATE OF SERVICE

This is to certify that on April 16, 2025, I electronically filed a **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to attorneys of record.

McLAIN & MERRITT, P.C.

*/s/ Nicholas E. Deeb*
Nicholas E. Deeb
Georgia Bar No. 117025
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E, Suite 500
Atlanta GA   30326
(404) 365-4535
(404) 364-3138 (fax)
ndeeb@mmatllaw.com