EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA
**25SC-0816-B**
Judge T. Russell McClelland
MAR 14, 2025 04:24 PM
Greg G. Allen, Clerk
Forsyth County, Georgia

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☑ State Court of Forsyth County

**For Clerk Use Only**

**Date Filed** 03-14-2025 (MM-DD-YYYY) **Case Number** 25SC-0816-B

| Plaintiff(s) | Defendant(s) |
|---|---|
| Mejia, Elvia | Wal-Mart Stores East, LP |
| Last First Middle I. Suffix Prefix | Last First Middle I. Suffix Prefix |
| Last First Middle I. Suffix Prefix | Last First Middle I. Suffix Prefix |
| Last First Middle I. Suffix Prefix | Last First Middle I. Suffix Prefix |
| Last First Middle I. Suffix Prefix | Last First Middle I. Suffix Prefix |

**Plaintiff's Attorney** Crochet, Shellea D **Bar Number** 735805 **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☑ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_______________ Case Number _______________ Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_______________ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_______________________________________________

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA
**25SC-0816-B**
**Judge T. Russell McClelland**
**MAR 14, 2025 04:24 PM**

Greg G. Allen, Clerk
Forsyth County, Georgia

**IN THE STATE COURT OF FORSYTH COUNTY**
**STATE OF GEORGIA**

CIVIL ACTION NUMBER 25SC-0816-B

Mejia, Elvia

**PLAINTIFF**

**VS.**

Wal-Mart Stores East, LP

**DEFENDANT**

**SUMMONS**

TO: WAL-MART STORES EAST, LP

You are hereby required to file with the Clerk of said court and serve upon the plaintiff or plaintiff's attorney, whose name, address and email address are:

**Shellea D Crochet**
**Morgan & Morgan Atlanta, PLLC**
**191 Peachtree St., NE**
**Atlanta, Georgia 30303**
**scrochet@forthepeople.com**

an answer to the complaint which is herewith served upon you. You must make your answer within 30 days after service of this summons upon you. This time excludes the day of service. If you fail to answer, the court will issue a default judgment against you for the relief sought in the complaint.

If this action pertains to a Protective Order, the answer is to be filed and served on or before the scheduled hearing date attached.

**This 14th day of March, 2025.**

Clerk of State Court

Greg G. Allen, Clerk
Forsyth County, Georgia

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA
25SC-0816-B
Judge T. Russell McClelland
MAR 14, 2025 04:24 PM
Greg G. Allen, Clerk
Forsyth County, Georgia

**IN THE STATE COURT OF FORSYTH COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| ELVIA MEJIA, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| WAL-MART STORES EAST, LP; ABC CORPS. 1-3; and JOHN DOE, | ) | |
| | ) | |
| Defendants, | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff ELVIA MEJIA ("Plaintiff"), files this Complaint for Damages and brings the following causes of action against Defendants WAL-MART STORES EAST, LP, ABC 1-3, JOHN DOE 1-3, showing this Honorable Court as follows:

### Parties, Jurisdiction, & Venue

1.

Plaintiff is a Georgia Resident.

2.

Defendant WAL-MART STORES EAST, LP is a Foreign Limited Partnership, who may be served via its registered agent for process: The Corporation Company (FL) at 410 Peachtree Parkway, Suite 4245, Cumming, Georgia 30041.

3.

Defendants ABC Corps. 1-3 are unidentified business entities which are potential, third-party, joint tortfeasors. Defendants ABC Corps. 1-3 are business entities which owned, managed, or operated some aspect of the subject premises and may have contributed to the negligence that injured Plaintiff. If and when Defendants ABC Corps.

**EXHIBIT "B"**

1- 3 are identified, Plaintiff will timely amend her pleading and cause a Summons and Complaint to be properly served.

4.

Defendants John Doe is a resident of Georgia who was operating the online shopping cart that hit Plaintiff on the date of incident. John Doe will be substituted in as a party upon identification of same.

5.

This Court has jurisdiction over this matter and all parties to it.

6.

Venue in this Court is proper for all parties as joint tort feasors.

**Background Facts**

7.

Defendants own, operate, manage, and control the Wal-Mart Store, that is located at 6065 Jonesboro Road, Morrow, Georgia 30260 (the "Premises").

8.

On or about October 18, 2024, the Plaintiff was shopping at the Premises. While she was walking down and aisle, a Walmart employee hit her with a large shopping cart, causing her to fall, injuring her back and legs (the "Incident").

9.

At all times relevant to this action, the Plaintiff was an invitee on the Premises.

10.

Due to Defendants negligence the Plaintiff suffered severe bodily injuries.

11.

At all material times, the Plaintiff exercised reasonable care for her own safety.

12.

As the direct and proximate result of Defendants' negligence, the Plaintiff suffered bodily injuries, pain and suffering; expenses of medical care, diagnosis, and treatment; lost capacity for the enjoyment of life; permanent injury; and other economic damages are continuing in nature, and the Plaintiff will continue to incur general and special damages in the future.

13.

As the direct and proximate result of Defendants' negligence, the Plaintiff suffered, continues to suffer, and may recover, general and special damages as allowed by applicable law and Plaintiff will continue to incur such losses in the future.

**<u>Count I – Active Negligence</u>**

14.

Plaintiff repeats and realleges paragraphs 1 through 12 above, verbatim. At all material times, Defendants controlled the mode, manner, and means by which they operated the Premises. Under Defendants' mode, manner, and means of operating its business, customers in the aisles were reasonably foreseeable.

15.

Defendants' chosen mode and manner of operation of the venue required the

Defendants implement safety procedures to mitigate or eliminate foreseeable risks of striking customers with carts and resulting injuries.

16.

Defendants owed its customers/patrons a duty to use ordinary are to guard against foreseeable ricks of harm caused by their mode, manner, and means of operating the Premises.

17.

Defendants owed its customers/patrons a duty to use ordinary care to guard against foreseeable risks of harm caused by Defendants' mode, manner, and means of operating the Premises.

18.

Defendants had a duty to develop, implement, maintain, comply with, and enforce reasonable inspection, maintenance, and safety programs and measures to protect all customers and/or patrons from the foreseeable risks of harm arising from their mode, manner, and means of operating the Premises.

19.

Defendants breached their duty to the Plaintiff by negligently failing to exercise reasonable care to protect her from foreseeable risks of harm.

20.

While operating the Premises, Defendants negligently failed to exercise reasonable care to protect the Plaintiff from foreseeable risks of harm in one or more of the following ways:

i. Defendants failed to train their employees, contractors, agents and/or representatives to properly implement their safety programs;

ii. Defendants failed to supervise their employees, contractors, agents and/or representatives to ensure compliance with their safety program; and/or

iii. Defendants failed to warn the Plaintiff of the inherent and foreseeable risk of being struck by large shopping carts and injuries arising from Defendants' chosen mode, manner, and means of operating its business.

21.

Defendants' failure to exercise reasonable care in their operations of the Premises allowed a negligent behavior to remain on the grounds on the Premises, which created an unreasonable risk of harm and caused the Plaintiff to be injured.

22.

Defendants' negligent operations of the Premises directly and proximately caused the Plaintiff's injuries.

23.

Defendants are vicariously liable for the negligent acts and omissions of their employees, contractors, agents, and representatives committed during the course and scope of their employment and in furtherance of Defendants' business.

**Count II – Premise Liability**

24.

Plaintiff repeats and realleges paragraphs 1 through 23 above, verbatim.

25.

At all material times, Defendants owned, occupied, and were otherwise in possession and control of the Premises and its approaches.

26.

At all material times, Defendants owed a duty to exercise ordinary care to maintain the Premise in a reasonably safe condition.

27.

Further, Defendants owed a duty to inspect the Premises to discover possible dangerous conditions and take reasonable precautions to protect invitees from dangers foreseeable from the arrangement or use of the premises. Robinson v. Kroger Co., 268 Ga. 735, 740 (1997).

28.

Defendants' duty of care included;

a) Inspecting the Premises for hazardous conditions including static conditions and passive defects that posed hazards or risks;

b) Detecting, removing, or otherwise remedying hazardous conditions on the Premises; and

c) Adequately warning invitees about hazardous condition on the Premises to enable invitees to avoid harm.

29.

At all material times, the Plaintiff was Defendants' invitee.

30.

On the date of the incident, the Plaintiff fell due to Defendants' negligent operation of a large cart on the Premises around invitees.

31.

The hazardous condition that was on the Premises was present for such an amount of time that Defendants knew, or should have known, that it posed a danger to invitees and constituted an unsafe environment. The significant amount of time that the hazardous condition was on the premises afforded Defendants the opportunity to remedy or remove the hazard and/or warn invitees of the dangerous condition it created.

32.

Defendants noticed or should have had notice of the hazardous condition. Additionally, Defendants controlled the Premises. Thus, Defendants and their employees, contractors, agents, and representatives had a duty to remedy or remove the hazardous condition or warn invitees, including the Plaintiff, of the hazardous condition.

33.

Defendants breached their duty to the Plaintiff when they negligently failed to remedy or remove the hazardous condition and/or warn the Plaintiff of the same.

34.

As a direct and proximate result of Defendants' negligent failure to remove, remedy, or otherwise address the known hazard, the Plaintiff was injured.

35.

As a direct and proximate result of Defendants' negligent failure to keep the

Premises safe, the Plaintiff was injured.

36.

As a direct and proximate result of Defendants' negligent failure to warn invitees/patrons of the hazardous condition, the Plaintiff was injured.

**Count III – Nuisance**

37.

Plaintiff repeats and realleges paragraphs 1 through 36 above, verbatim.

38.

At all material times, Defendants owned, occupied, and were otherwise in possession and control of the Premises.

39.

The hazardous condition negligently attended on the Premises created a nuisance at the time of the incident.

40.

As a direct and proximate cause of the hazardous condition, the Plaintiff suffered bodily injuries.

41.

As a direct and proximate cause of Defendants' allowance of the nuisance to exist within their controlled Premises, which lead to the Plaintiff suffering severe bodily injuries.

42.

As a direct and proximate cause of Defendants' failure to remove, remedy, or otherwise remediate the nuisance, the Plaintiff suffered bodily injuries.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgement against Defendants and further, Plaintiff prays:

a) That process issue requiring Defendants to appear and answer Plaintiff's allegations;

b) That Defendants be served with a copy of the Plaintiff's Complaint for Damages;

c) That Plaintiff be granted a **trial by jury** of twelve persons for all issues so triable;

d) That Plaintiff recover all damages allowable and recoverable under applicable law in an amount to be determined by the jury;

e) That Plaintiff recover general and special damages; and

f) That this Honorable Court order such other and further relief as the Court deems just and proper.

This 14th day of March, 2025.

*/s/ Shellea C. Huff*
SHELLEA C. HUFF
Georgia Bar No. 735805
Scrochet@forthepeople.com

**MORGAN & MORGAN ATLANTA PLLC**
191 Peachtree Street, N.E., Suite 4200
Atlanta, Georgia 30303
Tel: (404) 965-1960
Fax: (404) 496-7355
*Attorney for Plaintiff*

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA
25SC-0816-B
Judge T. Russell McClelland
MAR 14, 2025 04:24 PM
Greg G. Allen, Clerk
Forsyth County, Georgia

**IN THE STATE COURT OF FORSYTH COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| ELVIA MEJIA, | ) | |
| | ) | CIVIL ACTION FILE NO: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| WAL-MART STORES EAST, LP; ABC CORPS. 1-3; and JOHN DOE, | ) | |
| | ) | |
| | ) | |
| Defendants, | ) | |

**PLAINTIFF'S FIRST REQUEST FOR ADMISSION TO DEFENDANTS**

COMES NOW Plaintiff ELVIA MEJIA, and hereby requests that Defendant admit for the purpose of this action the truth of the following facts within thirty (30) days after the date of service hereof and in conformity with O.C.G.A. § 9-11-36. If any request cannot be truthfully admitted or denied, please state in detail the reasons why you cannot truthfully admit or deny the matter. If you cannot admit or deny the request in its entirety, please specify that part which you cannot admit or deny and state in detail the reasons for any such qualifications. If you assert any claim of privilege in response to any or all of these requests, set forth, with respect to each such request(s) as to which a claim of privilege is asserted, the nature of the privileged claimed (e.g. attorney-client, work-product, etc.) and the basis for your claim.

**REQUEST FOR ADMISSIONS**

1.

Please admit that on October 18, 2024 (the "date of incident"), you owned the real property located at 6065 Jonesboro Road, Morrow, Georgia 30260 (the "Premises").

2.

Please admit that on the date of the incident you owned, operated or managed the Walmart Store located at, 6065 Jonesboro Road, Morrow, Georgia 30260, the Premises.

3.

Please admit that Plaintiff was injured on the Premises on the date of incident.

4.

Please admit that Plaintiff was an invitee on the Premises, on the date of incident.

5.

Please admit that Plaintiff was an invitee on the Premises at the time of Plaintiff's incident.

6.

Please admit that employees negligently operating a large cart on the Premises constitutes a potential hazard on the property.

7.

Please admit there were no warnings on the cart visible to Plaintiff at the time of the incident.

8.

Please admit rules, regulations and procedures existed on the date of the incident pertaining to operating carts like the one that hit Plaintiff, which your employees were required to carry out.

9.

Please admit you preserved video footage of the incident at issue.

10.

Please admit you did not preserve video footage of the incident at issue.

11.

Please admit your employees failed to follow the rules, regulations or procedures in place on the date of the incident.

12.

Please admit you, by and through employees on the Premises, had actual knowledge of the unsecured weather strip, that caused Plaintiff to slip and fall on the date of incident, on the Premise.

13.

Please admit if your inspection procedures were followed on the date of Plaintiff's incident Defendant would have had actual knowledge of the hazard on the property.

14.

Please admit if your rules, regulations or procedures were followed, the date of Plaintiff's incident.

15.

Please admit Defendant should have had actual knowledge of the hazard on the property.

16.

Please admit that the Plaintiff fell in an area used by invitees of the Premises.

17.

Please admit that on the date of the incident the area where Plaintiff fell, is included within a designated area for inspection by you or your employees.

18.

Please admit you and your employees did not warn Plaintiff of the moving cart on the Premises before she was struck, and fell on the date of incident.

19.

Please admit that you are not aware of any statements from the Plaintiff that she knew about any hazard on the concrete of the Premises prior to the fall.

20.

Please admit at least one member of your staff observed the Plaintiff's fall on the Premises on the date of the incident.

21.

Please admit that at least one member of your staff assisted the Plaintiff after the fall.

22.

Please admit that immediately following the fall, the Plaintiff complained of having fallen due to being struck with a shopping cart, on the Premises.

23.

Please admit that immediately following the fall, the Plaintiff complained of being injured or hurt as a result of her being struck with a shopping cart, on the Premises.

24.

Please admit that on the date of incident, you had a written policy or guidelines for employees, incident prevention on the Premises.

25.

Please admit that jurisdiction and venue for this action are proper in this Court.

26.

Please admit that service of process on you was proper.

27.

Please admit Plaintiff suffered severe bodily injuries as a result of the incident.

28.

Please admit Plaintiff incurred medical expenses for treatment related to injuries she sustained on the Premises on the date of incident.

29.

Please admit Plaintiff's medical expenses were reasonable and necessary for the treatment of injuries caused by the incident.

30.

Please admit Plaintiff suffered permanent injuries as a result of the incident.

31.

Please admit the cart operator who hit Plaintiff resides in Georgia.

***Plaintiff's First Request for Admissions to Defendant is served upon you together with Plaintiff's Complaint for Damages.***

This 14th day of March, 2025.

*/s/ Shellea C. Huff*
SHELLEA C. HUFF
Georgia Bar No. 735805
Scrochet@forthepeople.com

**MORGAN & MORGAN ATLANTA PLLC**
191 Peachtree Street, N.E., Suite 4200
Atlanta, Georgia 30303
Tel: (404) 965-1960
Fax: (404) 496-7355
*Attorney for Plaintiff*

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA
**25SC-0816-B**
Judge T. Russell McClelland
MAR 14, 2025 04:24 PM

Greg G. Allen, Clerk
Forsyth County, Georgia

**IN THE STATE COURT OF FORSYTH COUNTY**
**STATE OF GEORGIA**

ELVIA MEJIA,

Plaintiff,

v.

WAL-MART STORES EAST, LP; ABC CORPS. 1-3; and JOHN DOES 1-3,

Defendants,

CIVIL ACTION FILE NO.

JURY TRIAL DEMANDED

**PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT**

COMES NOW Plaintiff ELVIA MEJIA and serves upon Defendant Plaintiff's First Continuing Interrogatories to be answered under oath and within forty-five (45) days from service hereof in accordance with O.C.G.A. § 9-11-33.

These Interrogatories shall be deemed continuing so as to require supplemental answers if you or your attorneys obtain further information between the time the answers are served and the time of trial. Any such supplemental answers are to be filed and served upon counsel for Plaintiffs within thirty (30) days from the receipt of such information, but not later than the time of trial.

DEFINITIONS

When used in these Interrogatories, the term "Defendant," or any synonym thereof, is intended to and shall embrace servants, representatives, private investigators, and others who are in a position of or may have obtained information for or on behalf of Defendant.

As used in these Interrogatories, the following words and phrases have the meanings set forth below.

(1) "You" and "your" means and refers to the Defendant to whom these interrogatories are directed, and includes your agents, employees, insurance company and their agents and employees, your attorneys, investigators and anyone else acting on your or their behalf.

(2) The term "document" means and includes all correspondence, writings, records, memoranda, drawings, graphs, charts, photographs, motion pictures, videotapes, videodisks, audiotapes or other sound recordings, books, ledgers, financial records, checks, drafts, receipts, forms prescribed by government agencies, computer tapes, computer disks, computer printouts, photocopies, microfilm, microfiche, and any other data, sound, or image compilation or recording from which information regarding the described transactions can be obtained, translated if necessary by respondent through appropriate and necessary devices into reasonably useable and intelligible form.

(3) "Person" includes any individual, corporation, partnership, government, or business entity, and group of persons associated in fact although not a legal entity.

(4) "Identify" means the following:

(a) When used with respect to individuals, means to state the full name, address, telephone number, place of employment, job title and present whereabouts of such person;

(b) When used with respect to persons other than individuals, as the term "persons" is identified in (3) above, means to state the full name, address and telephone number of such "person" together with the name, address, telephone number and job title of the employee, agent, servant or representative of such "person" who has knowledge of the particular facts or possession, custody or control of the particular documents of which discovery is sought;

(c) When used with respect to documents, tangible objects, or other items of real or demonstrative evidence, means to list the items of which discovery is sought, describe them in specific detail (give an exhibit number for each if one has been assigned) and state the name, address and telephone number of the person who presently has possession, custody or control over each item of real or documentary evidence listed; and

(d) When used with respect to facts, circumstances or information, means to give a concise summary of the nature and substance of the facts, circumstances or information of which discovery is sought.

## INTERROGATORIES

1.

Please identify the full and correct legal names of the owners of the real property, and the operator all businesses operated on that property, located at 6065 Jonesboro Road, Morrow, Georgia 30260 (the "Premises") on October 18, 2024 (the "date of incident"), including names and addresses where those parties may be served. If these are different persons or entities, please clarify which one was the owner and which one was the operator.

2.

Identify the names and addresses for all of your employees working at or near the location of the incident on the Premises on the date of incident.

3.

If you contend that Plaintiff has brought action against the wrong entity due to a misnomer or otherwise, please state the complete name of the correct defendant in this action; and further state whether you will accept service of an amended Summons and Complaint reflecting the information furnished by you in response to this Interrogatory.

4.

With particularity sufficient to satisfy O.C.G.A. § 9-11-26(b)(2), please identify any policy or policies of liability insurance which would or might inure to the benefit of Plaintiff by providing for payment of a part of, or all of any judgment rendered in favor of Plaintiff against Defendant or against any other person, firm or corporation which is or may be liable to Plaintiff by reason of the

incident described in the Complaint including any and all policies of excess coverage.

5.

Please identify all persons (including employees and other witnesses) who to you or your representatives' knowledge, information or belief:

(a) Were eyewitnesses to the incident that gives rise to this lawsuit;

(b) Have relevant knowledge concerning the incident that gives rise to this lawsuit, any issue of liability or the damages in connection with this lawsuit, who were not identified in sub-part (a);

(c) Arrived at the scene of the occurrence complained of in this action immediately or shortly after its occurrence;

(d) Assisted Plaintiff after her fall on the Premises;

(e) Were on duty at the time of the fall and/or filled out an incident report.

6.

Please identify all persons who have given written or recorded statements covering the facts and/or circumstances of the incident, which is the subject matter of this litigation, and state the name of each person, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody or control of each statement.

7.

Please identify any video, film, photographs, diagrams or other pictorial representations concerning the events and happenings alleged in Plaintiff's Complaint on the Premises which exist now or have ever existed, and any video footage of Plaintiff on the date of the incident and any video footage of the cart operator on the date of the incident.

8.

If any document identified in response to Interrogatory No. 7 no longer exists, please provide the date it was deleted, the reason it was deleted, whether anyone would have viewed what was stored on the document and/or video, and the name of the individual who deleted it.

9.

Please identify each person (whether your employee or a claims adjuster, etc.) who has made an investigation or study of the subject incident or location of the Premises.

10.

With particularity sufficient to satisfy O.C.G.A. § 9-11-26(b)(4), please identify all persons (whether your employees or not) whom you expect to call or may call as an expert witness upon the trial of this matter. With your response, please include all of the experts' opinions in this case, the basis for those opinions, and all the facts, evidence, and documents relied upon in reaching those opinions.

11.

Identify the person or entity responsible for operating the cart involved in the incident giving rise to Plaintiff's Complaint. Were these person(s) employees or agents of Defendant? If not, please identify what entity employed them, and identify if they are former or current employees and all last known contact information for same.

12.

Do you contend that the injuries complained of in this case were caused by the negligence of any party other than Defendants or Defendants' agents, employees and servants? If your answer is yes, please identify:

(a) The party who you believe was negligent;

(b) Every act of negligence which you claim such party committed by or his agents and servants and which you contend proximately caused or contributed to the injuries complained of in this case;

(c) Each and every fact and reason upon which you base your contentions; and

(d) Each and every person who has knowledge or information concerning each fact.

13.

To your information or belief, has there been any surveillance, photographs or videos of *any* party? If so, identify what party was photographed or videoed, and all persons who now have had custody and control of any records, tapes, films or other recording of such surveillance.

14.

State each and every fact upon which you rely for each affirmative defense in your Answer to Plaintiff's Complaint.

15.

Identify all employees, contractors, and guests known to be on the Premises on the date of incident.

16.

Describe in detail your process or system for documenting, reporting, and investigating incidents involving injuries to guests on the Premises which were in effect on the date of incident, including those procedures related to taking incident reports.

17.

Please state whether there existed, on the date of incident, any procedure or program for the regular inspection of the Premises by you or someone acting in your behalf, which such procedure or program was designed to identify and/or discover potential hazards to the users of

the premises thereof. If so:

(a) Provide a general description of each such procedure or program, including the identity of each person charged with the responsibility for implementing and conducting each such procedure or program;

(b) State the regularity with which each such procedure or program was to be implemented or conducted, if applicable;

(c) State whether the procedure or program had been carried out prior to the date of the subject incident; and

(d) Identify all documents relating to each procedure or program and their findings.

18.

Please identify any and all procedures or programs for operation of any type of cart by an employee, existing on the date of this incident as alleged in the Complaint, including the following:

(a) Provide a general description of each such procedure or program, including all names of documents pertaining to same;

(b) Identify each person charged with oversight of any such policies, procedures or programs;

(c) Identify each person charged with implementing and conducting each such procedure or program;

(d) All guidelines and training given regarding same; and

(e) Identify all documents relating to such procedures or programs and their findings.

19.

Please identify any and all changes that have been made to your policies and/or

procedures concerning carts at the subject property since the date of this incident as alleged in the Complaint.

20.

If you acknowledge that the Plaintiff fell on the Premises on the date of incident, please describe in detail how and why she fell. With your response, identify the source for the facts and evidence supporting your response.

21.

Please identify any and all other similar incidents or allegations for which a visitor or employee has complained (either by letter, email, or verbally) of being hit by an online-shopping employee with the cart, occurring during the last three (3) years.

22.

Identify any and all incident reports and/or documentary writings made by you concerning the incident at issue.

23.

Please state whether, in compiling your answers to these Interrogatories, you have made a reasonable and diligent effort to identify and provide not only such facts as are within your personal knowledge, but such facts as are also reasonably available to you and/or any person acting on your behalf.

***Plaintiff's First Interrogatories to Defendant is served upon you together with Plaintiff's Complaint for Damages.***

[*Signature on following page.*]

This 14th day of March, 2025.

*/s/ Shellea C. Huff*
SHELLEA C. HUFF
Georgia Bar No. 735805
Scrochet@forthepeople.com

**MORGAN & MORGAN ATLANTA PLLC**
191 Peachtree Street, N.E., Suite 4200
Atlanta, Georgia 30303
Tel: (404) 965-1960
Fax: (404) 496-7355
*Attorney for Plaintiff*

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA
25SC-0816-B
Judge T. Russell McClelland
MAR 14, 2025 04:24 PM
Greg G. Allen, Clerk
Forsyth County, Georgia

**IN THE STATE COURT OF FORSYTH COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| ELVIA MEJIA, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| WAL-MART STORES EAST, LP; ABC CORPS. 1-3; and JOHN DOE, | ) | |
| | ) | |
| Defendants, | ) | |

**PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANTS**

COMES NOW Plaintiff ELVIA MEJIA and hereby requests that Defendants produce for inspection and copying the following documents in the possession, custody, or control of Defendant and its representative pursuant to O.C.G.A. § 9-11-34 within thirty (30) days from the date of service hereof at the Law Firm of Morgan & Morgan Atlanta, PLLC., 191 Peachtree Street, Suite 4200, Post Office Box 57007, Atlanta, Georgia 30343-1007, or at such other time, date, and location agreed to by counsel for defendant and the undersigned counsel, and to serve a written response hereto within forty-five (45) days from the date of service hereof.

**DEFINITIONS**

If a privilege is claimed as to any documents covered by this request for production, plaintiffs ask that each document to which privilege is claimed be identified with such particularity and in such a manner that the Court, and not counsel unilaterally, may determine whether the document is indeed entitled to privileged status.

As used herein, the terms listed below mean the following:

1. "Document" means every writing, electronic data or file, printing, record, graphic, photographic or sound reproduction of every type and description that is in your possession, control, custody and knowledge, including but not limited to correspondence, memoranda, agreements, minutes, assignments, records, stenographic and handwritten notes, diaries, notebooks, account books, orders, invoices, notices, statements, bills, files, checks, check stubs, account ledgers, maps, charts, diagrams, analyses, books, pamphlets, work sheets, data sheets, statistical compilations, data cards, microfilms, computer records (including printouts, floppy discs or other magnetic storage media), e-mails, tapes, photographs, pictures, recordings (both voice and videotape) and all copies of such documents, writings or records when such copies contain any commentary or notation whatsoever that does not appear on the original.

2."Person" means any natural person, organization, corporation, partnership, proprietorship, association, group of persons, or any governmental body or subdivision thereof.

3. If you contend that any documents are privileged or protected by the attorney work product doctrine, please produce a Privilege Log for those documents.

4. The headers applied to these requests are for organizational purposes and for use as shorthand in meet and confer conferences. The words in the headings are not a substitute for a full reading of the words in the actual request.

**REQUESTS**

1.

Please produce all documents evidencing the ownership of the property and any businesses Wal-Mart Store located at 6065 Jonesboro Road, Morrow, Georgia 30260 (the "venue" or the "Premises") on October 18, 2024 (the "date of incident").

2.

Please produce each and every document, tangible object, or other item of real, demonstrative or documentary evidence which provides any and all factual support for each defense asserted by you in Answer to Plaintiff's Complaint.

3.

Any and all photographs, videos, drawings, maps or sketches of the scene of the incident.

4.

Any video, film, photographs, diagrams or other pictorial representations concerning the events and happenings alleged in Plaintiff's Complaint on the Premises, any video footage of Plaintiff on the date of the incident, and any video footage of the cart operator on the date of the incident.

5.

Each and every insurance agreement under which any person carrying on an insurance business may be liable to you to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse you for any payments made to satisfy such judgment.

6.

All documents relating to any controversy as to whether or not coverage is afforded to you under any insurance agreements, including but not limited to any non-waiver agreements and letters of reservation of rights.

7.

Each and every document comprising a report made by any person, firm, association or other entity (including insurance adjusters and management) that has conducted any investigation to determine any of the facts pertaining to any of the issues in this action.

8.

Each and every document comprising a report made by any person you expect to call as an expert witness on the trial of this case.

9.

Each and every document relating to any facts about the subject matter of this action is furnished by you to any expert you expect to call as an expert witness on the trial of this case.

10.

Each and every document relating to any written or recorded statement inquired about in Interrogatory No. 6 of Plaintiff's First Interrogatories propounded to you.

11.

All statements previously made by Plaintiff concerning the subject matter of this action.

12.

All documents that discuss, review, explain, outline, and/or define Defendant's procedure(s) for reporting, taking and/or filing incident reports, <u>effective on</u> the date of this incident as alleged in the Complaint.

13.

All documents that discuss, review, explain, outline, and/or define Defendant's procedure(s) for reporting, taking and/or filing incident reports, <u>effective after</u> the date of this incident as alleged in the Complaint.

14.

The safety policies, manuals, standards, guidelines, handbooks, memos and procedures effective on the date of this incident as alleged in the Complaint for the subject property, including

but not limited to any references to procedures for use of carts of the premises, or any reference to prevention of injuries by cart users or online shoppers.

15.

The safety policies, manuals, standards, guidelines, handbooks, memos and procedures effective after the date of this incident as alleged in the Complaint for the Premises.

16.

A blank copy of the incident report used by Defendants for documenting and reporting the incident giving rise to Plaintiff's complaint.

17.

A fully legible copy of the incident report completed by you and regarding Plaintiff's incident at the subject property on the date of this incident as alleged in the Complaint.

18.

All written notes, schedules, memos, computer documentation, emails, letters, reports, etc., which evidence any non-privileged communication relating to this incident in anyway.

19.

Copies of documents you obtain through any responses to requests to non-parties in this action.

20.

All surveillance or security video from every video camera on the premises from two hours before Plaintiff's fall on the date of incident through two hours after Plaintiff's fall on the Premises.

21.

Copies of all letters, documents, reports, invoices, service records and emails concerning incidents of trips, slips, and/or falls on the Premises for the last three (3) years.

22.

Please produce all technical bulletins or directives sent by you or posted at the subject property concerning slip, trip, and fall safety issues in the last 5 years.

23.

Any and all warnings you contend you provided, either verbally or by signage, with respect to the area at the subject property prior to Plaintiff's incident on the date of the incident as alleged in the Complaint.

24.

Copies of any and all of your employee timesheets, reports, employee personnel files, and emails concerning any employee responsible for monitoring, inspecting, or maintaining the location of Plaintiff's fall at, or near, the date of incident alleged in the Complaint.

25.

A copy of all incident reports, witness and employee statements gathered in conjunction with the incident report completed by you and regarding Plaintiff's fall at the subject property on the date of the incident as alleged in the Complaint.

26.

A copy of all correspondence between any Defendant, Defendant's insurance company, and Plaintiff since the date of incident.

27.

Timesheets for all online shoppers at the premises on the date of incident.

***Plaintiff's First Request for Production of Documents to Defendant is served upon you together with Plaintiff's Complaint for Damages.***

This 14th day of March, 2025.

*/s/ Shellea C. Huff*
SHELLEA C. HUFF
Georgia Bar No. 735805
Scrochet@forthepeople.com

**MORGAN & MORGAN ATLANTA PLLC**
191 Peachtree Street, N.E., Suite 4200
Atlanta, Georgia 30303
Tel: (404) 965-1960
Fax: (404) 496-7355
*Attorney for Plaintiff*

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA
**25SC-0816-B**
Judge T. Russell McClelland
MAR 14, 2025 04:24 PM
Greg G. Allen, Clerk
Forsyth County, Georgia

**IN THE STATE COURT OF FORSYTH COUNTY**
**STATE OF GEORGIA**

ELVIA MEJIA,

Plaintiff,

v.

WAL-MART STORES EAST, LP; ABC CORPS. 1-3; and JOHN DOES 1-3,

Defendants,

CIVIL ACTION FILE NO.

JURY TRIAL DEMANDED

**RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS**

Plaintiff hereby certifies that a true and correct copy of the following was delivered for service with the Summons and Complaint:

1. Plaintiff's First Request for Admissions to Defendants;
2. Plaintiff's First Interrogatories to Defendants; and
3. Plaintiff's First Request for Production of Documents to Defendants.

This 14th day of March, 2025.

*/s/ Shellea C. Huff*
SHELLEA C. HUFF
Georgia Bar No. 735805
Scrochet@forthepeople.com

**MORGAN & MORGAN ATLANTA PLLC**
191 Peachtree Street, N.E., Suite 4200
Atlanta, Georgia 30303
Tel: (404) 965-1960
Fax: (404) 496-7355
*Attorney for Plaintiff*

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

ELVIA MEJIA,

Plaintiff,

v.

WAL-MART STORES EAST, LP;
ABC CORPS. 1-2; AND JOHN DOE;

Defendants.

Civil Action File No.
25SC-0816-B

________________________________/

ANSWER OF DEFENDANT WAL-MART STORES EAST, LP

COMES NOW, Defendant WAL-MART STORES EAST, LP and makes this Answer to Plaintiff's Complaint as follows:

FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

SECOND DEFENSE

Defendant denies that Plaintiff was injured or damaged by the alleged incident.

THIRD DEFENSE

Defendant denies that the alleged incident was a cause or proximate cause

of any injury or damage to Plaintiff.

FOURTH DEFENSE

Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 1 of the Plaintiff's Complaint.

2.

Defendant admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.

Defendant denies the allegations contained in paragraph 3 of the Plaintiff's Complaint.

4.

Defendant denies the allegations contained in paragraph 4 of the Plaintiff's Complaint.

5.

Defendant denies the allegations contained in paragraph 5 of the Plaintiff's Complaint. Jurisdiction is now proper in the United States District Court,

Northern District of Georgia, Gainesville Division.

6.

Defendant denies the allegations contained in paragraph 6 of the Plaintiff's Complaint. Venue is now proper in the United States District Court, Northern District of Georgia, Gainesville Division.

Background Facts

7.

Defendant admits that Wal-Mart Stores East, LP operates and manages the subject store. Defendant denies the remaining allegations of paragraph 7 of Plaintiff's Complaint..

8.

Defendant denies the allegations contained in paragraph 8 of the Plaintiff's Complaint.

9.

Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 9 of the Plaintiff's Complaint.

10.

Defendant denies the allegations contained in paragraph 10 of the Plaintiff's Complaint.

11.

Defendant lacks sufficient knowledge to either admit or deny the allegations contained in paragraph 11 of the Plaintiff's Complaint.

12.

Defendant denies the allegations contained in paragraph 12 of the Plaintiff's Complaint.

13.

Defendant denies the allegations contained in paragraph 13 of the Plaintiff's Complaint.

Count I - Active Negligence

14.

Defendant repeats and realleges paragraphs 1 through 12 above, verbatim. Defendant denies the allegations contained in paragraph 14 of the Plaintiff's Complaint, as stated.

15.

Defendant denies the allegations contained in paragraph 15 of the Plaintiff's Complaint, as stated.

16.

Defendant denies the allegations contained in paragraph 16 of the Plaintiff's

Complaint, as stated.

17.

Defendant denies the allegations contained in paragraph 17 of the Plaintiff's Complaint, as stated.

18.

Defendant denies the allegations contained in paragraph 18 of the Plaintiff's Complaint, as stated.

19.

Defendant denies the allegations contained in paragraph 19 of the Plaintiff's Complaint.

20.

Defendant denies the allegations contained in paragraph 20 of the Plaintiff's Complaint, including subparagraphs i., ii., and iii thereof.

21.

Defendant denies the allegations contained in paragraph 21 of the Plaintiff's Complaint.

22.

Defendant denies the allegations contained in paragraph 22 of the Plaintiff's Complaint.

23.

Defendant denies the allegations contained in paragraph 23 of the Plaintiff's Complaint.

Count II - Premise Liability

24.

Defendant repeats and realleges paragraphs 1 through 23 above, verbatim.

25.

Defendant admits that Wal-Mart Stores East, LP occupied the subject store. Defendant denies the remaining allegations contained in paragraph 25 of the Plaintiff's Complaint.

26.

Defendant denies the allegations contained in paragraph 26 of the Plaintiff's Complaint.

27.

Defendant denies the allegations contained in paragraph 27 of the Plaintiff's Complaint.

28.

Defendant denies the allegations contained in paragraph 29 of the Plaintiff's Complaint, including subparagraphs a), b), and c) thereof.

29.

Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 29 of the Plaintiff's Complaint.

30.

Defendant denies the allegations contained in paragraph 30 of the Plaintiff's Complaint.

31.

Defendant denies the allegations contained in paragraph 31 of the Plaintiff's Complaint.

32.

Defendant denies the allegations contained in paragraph 32 of the Plaintiff's Complaint.

33.

Defendant denies the allegations contained in paragraph 33 of the Plaintiff's Complaint.

34.

Defendant denies the allegations contained in paragraph 34 of the Plaintiff's Complaint.

35.

Defendant denies the allegations contained in paragraph 35 of the Plaintiff's Complaint.

36.

Defendant denies the allegations contained in paragraph 36 of the Plaintiff's Complaint.

Count III - Nuisance

37.

Defendant repeats and realleges paragraphs 1 through 36 above, verbatim.

38.

Defendant admits that Wal-Mart Stores East, LP occupied the subject store. Defendant denies the remaining allegations contained in paragraph 38 of the Plaintiff's Complaint.

39.

Defendant denies the allegations contained in paragraph 39 of the Plaintiff's Complaint.

40.

Defendant denies the allegations contained in paragraph 40 of the Plaintiff's Complaint.

41.

Defendant denies the allegations contained in paragraph 41 of the Plaintiff's Complaint.

42.

Defendant denies the allegations contained in paragraph 42 of the Plaintiff's Complaint.

43.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

44.

Defendant denies Plaintiff's prayer for relief, including subparagraphs a), b), c), d), e), and f) thereof.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff. DEFENDANT DEMANDS TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.

/s/ Nicholas E. Deeb
Nicholas E. Deeb
Georgia Bar No. 117025
Attorney for Defendant WMSE

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing ANSWER OF DEFENDANT has this day been filed and served upon opposing counsel via Peach Court E-File.

This 16th day of April, 2025.

McLAIN & MERRITT, P.C.

/s/ Nicholas E. Deeb
Nicholas E. Deeb
Georgia Bar No. 117025
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E., Suite 500
Atlanta GA 30326
(404) 365-4535
(404) 364-3138 (fax)
ndeeb@mmatllaw.com

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

ELVIA MEJIA,

Civil Action File No.
25SC-0816-B

Plaintiff,

v.

WAL-MART STORES EAST, LP
ABC CORPS 1-3; AND JOHN DOE,

Defendants.
________________________________/

**12-PERSON JURY DEMAND**

COMES NOW Defendant, WAL-MART STORES EAST, LP and demands a trial by a jury of twelve (12) persons.

McLAIN & MERRITT, P.C.

/s/ Nicholas E. Deeb
Nicholas E. Deeb
Georgia Bar No. 117025
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E, Suite 500
Atlanta GA 30326
(404) 365-4535
(404) 364-3138 (fax)
ndeeb@mmatllaw.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **12-PERSON JURY DEMAND** has this day been filed and served upon opposing counsel via Peachcourt E-File.

This 16th day of April, 2025.

McLAIN & MERRITT, P.C.

*/s/ Nicholas E. Deeb*
Nicholas E. Deeb
Georgia Bar No. 117025
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E., Suite 500
Atlanta GA 30326
(404) 365-4535
(404) 364-3138 (fax)
ndeeb@mmatllaw.com